Nos. 26-3082, 26-______

---

In the

# United States Court of Appeals

for the Seventh Circuit

---

ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS & ILLINOIS CREDIT UNION LEAGUE,

*Plaintiffs-Appellees-Cross-Appellants,*

v.

KWAME RAOUL, in his official capacity as Illinois Attorney General,

*Defendant-Appellant-Cross-Appellee.*

---

On Appeal from the United States District Court
For the Northern District of Illinois, Case No. 24-cv-7307
Honorable Virginia M. Kendall, *Chief United States District Judge*

---

MOTION OF
PLAINTIFFS-APPELLEES-CROSS-APPELLANTS
TO EXPEDITE APPEAL

---

Boris Bershteyn
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: 212-735-3000
boris.bershteyn@skadden.com

Charlotte H. Taylor
*Counsel of Record*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: 202-879-3939
ctaylor@jonesday.com

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

## INTRODUCTION

Under Federal Rule of Civil Procedure 2 and Seventh Circuit Rule 2, Plaintiffs-Appellees-Cross-Appellants Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League ("Plaintiffs") respectfully request that the Court expedite this appeal and cross-appeal by entering the below consolidated briefing schedule in the above-captioned matters and calendaring oral argument in February.

## BACKGROUND

This appeal and cross-appeal return to this Court after its earlier remand for the District Court to address new regulatory developments that occurred while the prior appeals and cross-appeals were pending. *See* Doc. 105, *Illinois Bankers Association v. Raoul*, No. 26-1354 (7th Cir.). The case addresses whether and to what extent the National Bank Act ("NBA") and other sources of federal law preempt the Illinois Interchange Fee Prohibition Act ("IFPA"), 815 ILCS 151/150-1 *et seq.*, an outlier Illinois statute that targets the intricate system for processing credit and debit card transactions and that has no analog in any other state. The IFPA, which is scheduled to go into effect on July 1, 2027, has two operative provisions. The first, referred to as

the "Interchange Fee Prohibition," requires banks and other financial institutions that issue credit and debit cards to forgo a portion of the revenue that compensates them for taking on credit risk, monitoring for fraud, providing benefits to cardholders, and otherwise greasing the wheels of the state and national economy. The second, referred to as the "Data Usage Limitation," imposes a near-total ban on using data from such transactions, thereby threatening to make fraud prevention and other critical operations far more difficult and less effective.

Plaintiffs—several trade associations whose members include banks, credit unions, other financial institutions, and card networks like Visa and Mastercard—brought suit against Defendant-Appellant-Cross-Appellee Kwame Raoul in his official capacity as Illinois Attorney General, arguing that the NBA and other sources of federal law preempt the IFPA. On February 10, 2026, the District Court issued an order on cross-motions for summary judgment and Plaintiffs' request for a permanent injunction that broadly granted the request for a permanent injunction as to the Data Usage Limitation, while denying the request as to the Interchange Fee Prohibition.

ECF 179 at 15.[1] The parties cross-appealed, and Plaintiffs moved to expedite the appeal in light of the IFPA's impending then-effective date of July 1, 2026. Doc. 5, No. 26-1354. This Court granted the motion. Doc. 8, No. 26-1354.

After the parties had fully briefed the appeal, and shortly before a scheduled May 13, 2026 argument, the Office of the Comptroller of the Currency ("OCC") issued an Interim Final Rule, 91 Fed. Reg. 22989, 22994–95 (Apr. 29, 2026), and an order, "Order Preempting the Illinois Interchange Fee Prohibition Act," 91 Fed. Reg. 23150, 23151 (Apr. 29, 2026), that bear on the NBA-preemption issue in this case. After receiving supplemental briefs addressing the OCC actions, this Court vacated the District Court's judgment and remanded for the District Court to "address these matters, and any related issues," in the first instance. Doc. 105, No. 26-1354. This Court's order provided that "[a]ny further appeals will return to this panel, with supplemental briefs limited to issues newly resolved by the district court." *Id.* The mandate issued on May 11, 2026.

[1] All references to "ECF" are to the District Court docket, No. 24-cv-7307 (N.D. Ill.).

On June 1, 2026, the District Court revisited its NBA-preemption analysis in light of the OCC's interim final rule. ECF 223 at 6. It concluded that the rule's express recognition of national banks' power to "['directly or indirectly, through intermediaries . . . or other third parties, assess, collect, impose, levy, receive, reserve, take, or otherwise obtain, including through a fee sharing or similar economic relationship'] non-interest charges and fees, including deposit account service charges and interchange fees from credit and debit card operations" creates "an express conflict with the IFPA." *Id.* at 20-21 (brackets in original) (quoting 12 C.F.R. § 7.4002). The court held that, "in a world where the national banks' powers will include the discretion to have third parties set their fees for them, it is difficult to see how the IFPA is not 'an obstacle to the accomplishment and execution of the full purposes and objectives' of that power." *Id.* at 24 (quoting *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 156 (1982)). It therefore concluded that the NBA preempts the Interchange Fee Prohibition. *Id.* The District Court granted Plaintiffs' request for a permanent injunction against enforcement of the Interchange Fee Prohibition against national banks and other entities carrying out functions that facilitate the exercise of national-bank powers, as well as other entities to which the District Court's

analysis extended, and otherwise reinstated its earlier summary-judgment ruling. *Id.* at 28.

After that ruling, but before entry of final judgment, the National Credit Union Administration ("NCUA") issued an interim final rule very similar to the OCC's. Preemption—Federal Credit Union Non-Interest Charges and Fees, 91 Fed. Reg. 34,725 (June 9, 2026). Plaintiffs moved for partial reconsideration in light of the NCUA's regulatory action, and the District Court granted the motion. ECF 240 at 2. It concluded that the Federal Credit Union Act preempts the Interchange Fee Prohibition and therefore altered its summary-judgment rulings to "bring[] federal credit unions in line with the financial entities" to which the District Court's prior ruling had granted relief. *Id.* at 12.

The District Court therefore entered a permanent injunction barring the Attorney General from enforcing the IFPA's Interchange Fee Prohibition and Data Usage Limitation "against (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the

powers of any of the foregoing entities implicated by the Interchange Fee Prohibition." ECF 242 at 2-3. It entered final judgment on September 28, 2026. ECF 243.

The Attorney General now appeals on issues including the District Court's determination regarding the Interchange Fee Prohibition (No. 26-3082). Plaintiffs cross-appeal the District Court's denial of declaratory and injunctive relief for out-of-state state-chartered credit unions and savings associations against both the Interchange Fee Prohibition and the Data Usage Limitation (No. 26-____). On October 13, 2026, this Court directed the Attorney General to file his opening brief in appeal No. 26-3082 no later than November 23, 2026.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request a schedule for the remaining supplemental briefing and oral argument that will allow the Court to rule well in advance of the IFPA's effective date. Compliance with the IFPA would require significant changes to the systems through which financial institutions process card transactions. Those changes would both take time and impose compliance costs the District Court recognized are "undeniable" and "staggering." ECF 179 at 27.

During the course of this litigation, financial institutions and other payment-system participants have faced a shifting landscape as the District Court, the Illinois legislature, and relevant federal regulators have taken actions affecting the nature and timing of their obligations under the IFPA. As things stand now, many financial institutions have the benefit of declaratory and permanent injunctive relief against the IFPA, but the Attorney General challenges those orders before this Court. And the District Court denied relief to certain financial institutions—specifically, out-of-state state-chartered credit unions and savings associations. A swift disposition of this appeal will bring needed finality to this dispute and allow affected financial institutions to determine whether they must indeed incur the "staggering" costs required for compliance with the IFPA.

Moreover, the card-processing system is integrated—there is not a separate system for the financial institutions to which the District Court granted relief and those to which it did not. The District Court's partial grant of relief, if affirmed, would require payment-system participants to determine how to account for the fact that out-of-state state-chartered credit unions and savings associations, in contrast to their federally chartered

peers, will have to comply with the IFPA, causing a significant disruption to the financial system. That process would take time.

In light of this Court's order directing that "further appeals will return to this panel, with supplemental briefs limited to issues newly resolved by the district court," Doc. 105, No. 26-1354, the fact that the "issues newly resolved by the district court" on remand were resolved in Plaintiffs' favor, and the importance of a ruling well in advance of the IFPA's July 1, 2027 effective date to provide certainty to the industry and the State, Plaintiffs respectfully request that the Court direct the parties to file supplemental briefs of 5,000 words each, with any reply by the Attorney General limited to 2,500 words, on the following schedule:

- Attorney General's Supplemental Brief: November 23, 2026 (as directed by this Court's Order dated October 13, 2026);
- Plaintiffs' Supplemental Brief: December 21, 2026;
- Attorney General's Supplemental Reply Brief: January 11, 2027.

Plaintiffs further respectfully request that the Court set this case for argument no later than February 2027.

Prior to filing this motion, Plaintiffs' counsel conferred with counsel for Defendant, who requested that Plaintiffs state his position as follows:

"The Illinois Attorney General takes no position as to the number of supplemental briefs or word counts proposed by plaintiffs, but opposes their request for expedited treatment of this appeal. Plaintiffs seek expedited treatment based on their concerns over complying with a law that was first enacted on June 7, 2024, has had its effective date twice extended by the Illinois General Assembly, and is not scheduled to take effect until July 1, 2027. In these circumstances, there is no reason to expedite supplemental briefing, oral argument, or this court's consideration of the issues raised in the parties' earlier briefs and any supplemental briefs. Alternatively, if this court determines that expedited treatment is warranted, the Attorney General requests that it enter the following schedule based on his attorney's other obligations: Attorney General's supplemental brief due by December 14, 2026; plaintiffs' supplemental response brief due by January 18, 2027; the Attorney General's reply due by February 8, 2027; and oral argument to be held in March 2027."

Plaintiffs note that the intervals Defendant requests for his briefs in his proposed schedule are either equivalent to, or lengthier than, the default deadlines for non-expedited appeals under this Court's rules. Fed. R. App. P. 31(a)(1) (default intervals under the Federal Rules are 40 days from

completion of the record for the opening brief and 21 days after appellee's response brief for the reply); 7th Cir. R. 31(a) (time for filing opening brief in non-agency cases in this Court runs from docketing rather than completion of the record). If the Court declines to grant expedited treatment, Plaintiffs request that it set a schedule for supplemental briefing using those default intervals, including maintaining the current November 23, 2026 deadline for Defendant's opening supplemental brief. Defendant can then seek any extensions by motion, supported by an affidavit, as required by Circuit Rule 26.

Dated: October 15, 2026

Respectfully submitted,

/s/ *Charlotte H. Taylor*
Charlotte H. Taylor
Counsel of Record
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: 202-879-3939
ctaylor@jonesday.com

Boris Bershteyn
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: 212-735-3000
boris.bershteyn@skadden.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1,836 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and (2) this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Book Antiqua font.

Dated: October 15, 2026

*/s/ Charlotte H. Taylor*
Charlotte H. Taylor

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing motion and declaration with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 15, 2026

*/s/ Charlotte H. Taylor*
Charlotte H. Taylor